IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rebecca Johnson,                      )
                                      )
            Plaintiff,                )
                                      )
                                      )
    v.                                )    No. 23 C 16095
                                      )
                                      )
National Wrecking, an Illinois        )
Corporation; and Sheldon              )
Mandell,                              )
                                      )
            Defendants.               )


Memorandum Opinion and Order

Rebecca Johnson worked for National Wrecking, where she claims she endured sexual harassment at the hands of one of her supervisors, Sheldon Mandell, who allegedly touched, groped, kissed, and licked her. She complained to National Wrecking's Human Resources Department, who told her to keep her distance from Mandell but otherwise took no action. Eventually, the conditions of her employment became so intolerable that Johnson left her job.

Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF 1 at 28. After receiving her right-to-sue letter, she commenced this action asserting claims under Title VII of the Civil Rights Act of 1964, the Illinois Gender Violence Act, and common law claims for constructive discharge, battery, and assault. Defendants move

under Federal Rule of Civil Procedure 12(b)(6) to dismiss five of Johnson's seven claims. For the following reasons, the motion is granted in part and denied in part.[1]

I.

Defendants argue Johnson's claim for Title VII retaliation in Count II should be dismissed for failure to exhaust administrative remedies, contending that she failed to raise retaliation in her EEOC charge. Normally, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). But there is an exception for "claims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore v. Vidal Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (quoting *Cheek*, 31 F.3d at 501). As a general matter, the Seventh Circuit generally "do[es] not

---

[1] Johnson does not oppose defendants' motion to dismiss Count VII, her claim against National Wrecking under the Illinois Gender Violence Act. Accordingly, that claim is dismissed with prejudice.

2

consider a retaliation charge to be reasonably related to a discrimination claim." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 565 (7th Cir. 2019) (citing *Sitar*, 344 F.3d at 726).

In her charge, Johnson wrote "Sex" in the section of the form titled "Discrimination Based On." ECF 1 at 28. And in the space provided for a description of the particulars, Johnson wrote:

> I was hired by the Respondent on or about March 27, 2019. My position was Controller. During my employment, I was subjected to egregious ongoing sexual harassment, of which I complained. There were no remedial actions taken. Subsequently I constructively [sic] discharged. I believe that I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

ECF 1 at 28.

The theory of retaliation alleged in the complaint is that, upon learning Johnson had complained to the Human Resources Department, Mandell "refused to provide her the necessary information to carry out the basic functions of her position" and "informed other employees of [her] actions causing other employees to berate and otherwise harass [her]." Compl. ¶¶ 65–66, ECF 1. While the EEOC charge lays out in general terms that Johnson complained and was subsequently constructively discharged, it does not identify unlawful conduct by Mandell other than sexual harassment. Specifically, it does not explain that Mandell retaliated against Johnson for complaining about his behavior, much less how he did. In other words, the charge fails to "describe

3

the same conduct" as is alleged in the complaint, *Cheek*, 31 F.3d at 501, and for that reason must be dismissed for failure to exhaust administrative remedies.

## II.

In Count III, Johnson brings a state-law claim for constructive discharge. To the extent she brings it as a constructive *retaliatory* discharge claim, Illinois law clearly does not provide for such a cause of action. *See Arias v. CITGO Petroleum Corp.*, No. 17-cv-08897, 2019 WL 4735391, at *7 (N.D. Ill. Sept. 27, 2019) ("Illinois common law does not recognize constructive retaliatory discharge as a cause of action." (citation omitted)); *Metzger v. DeRosa*, 805 N.E.2d 1165, 1173 (Ill. 2004) ("[T]his court has consistently sought to restrict the common law tort of retaliatory discharge . . . . We have . . . *never* recognized a common law tort for any injury short of actual discharge." (citations omitted)). Defendants cite some language in cases suggesting that Illinois courts also do not recognize a common law cause of action for constructive discharge, even outside the retaliation context, *see, e.g.*, *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40, 43 (7th Cir. 1992) ("On several occasions, plaintiffs have come forward stating claims for 'constructive' discharge . . . . Each met with the same result: dismissal for failure to state a cause of action under Illinois law." (citations omitted)), but those cases address retaliatory discharge claims,

4

*id.* at 41 ("The question raised on this appeal is whether an employee can maintain an action for retaliatory discharge under Illinois law . . . .").

Nevertheless, Illinois state courts' resistance to recognizing a common law claim for constructive retaliatory discharge sheds light on the viability of a common law constructive discharge claim based, for example, on sexual harassment. For her part, Johnson fails to cite any case in which an Illinois court accepted a common law constructive discharge claim. The case she cites, *Steele v. Illinois Human Rights Commission*, 513 N.E.2d 1177 (Ill. App. Ct. 1987), endorses constructive discharge as a *theory* under which a plaintiff may advance a *statutory* discrimination claim, but says nothing about constructive discharge as a freestanding state common law cause of action. *See id.* at 1181 (concluding that the Illinois Human Rights Commission correctly applied the law "as contained in the Illinois Human Rights Act").

In light of the wealth of caselaw rejecting claims for constructive retaliatory discharge and the corresponding lack of authority suggesting a simple constructive discharge claim would be received differently under Illinois state law, Count III is dismissed. However, Johnson remains free to pursue her other claims--for example, her Title VII claims--on a theory of constructive discharge.

III.

In Counts IV and V, Johnson brings claims for battery and assault against Mandell. Defendants argue these counts should be dismissed as preempted by the IHRA.

Illinois law provides that "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in" the Illinois Human Rights Act ("IHRA"). 775 Ill. Comp. Stat. 5/8-111(D). Under the IHRA, it is a "civil rights violation" for an employer or employee "to engage in sexual harassment," 775 Ill. Comp. Stat. 5/2-102(D), where "sexual harassment" is defined to include "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when . . . such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment," 775 Ill. Comp. Stat. 5/2-101(E). Whether a court may exercise jurisdiction over a tort claim "depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997).

In *Maksimovic*, the Illinois Supreme Court concluded that, though the plaintiff's claims for assault, battery, and false imprisonment were based on allegations of sexual harassment in the workplace, they were not preempted. *Id*. The court reasoned that

6

these torts have been "long-recognized" and "exist wholly separate and apart from a cause of action for sexual harassment under the [IHRA]" such that, "[t]o the extent that the plaintiff has alleged the elements of each of these torts without reference to legal duties created by the [IHRA], she has established a basis for imposing liability on the defendants independent of the [IHRA]." *Id.*

Johnson's claims for assault and battery share a factual basis with her sexual harassment claim, but in terms of legal duties stand on their own without the need to reference the IHRA's proscription against sexual harassment. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) ("Following the *Maksimovic* test, the proper inquiry [is] not whether the facts that support [plaintiff's tort] claim could also have supported a discrimination claim, but instead whether [plaintiff] can prove the elements of [her tort claim] independent of legal duties furnished by the IHRA." (citation omitted)); *see also Luttrell v. O'Connor Chevrolet, Inc.*, No. 01 C 979, 2001 WL 1105125, at *3 (N.D. Ill. Sept. 19, 2001) (allowing assault and battery claims to proceed alongside Title VII sexual harassment claims). Accordingly, the claims are not preempted by the IHRA.

Nor should these claims be dismissed as duplicative of Johnson's Title VII sexual harassment claim. For one thing, Johnson may choose to pursue her claim on various and alternative legal

7

theories. Additionally, the claims are not duplicative because the Title VII claim is aimed at National Wrecking, while the battery and assault claims are brought against Mandell individually.

IV.

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. It is granted as to Counts II, III, and VII. It is denied as to Counts IV and V.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: April 25, 2024

8